[Cite as *State v. Reynolds*, 2020-Ohio-1122.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108376 |
| v. | : | |
| TIMOTHY REYNOLDS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634838-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Lisk, Assistant Prosecuting Attorney, *for appellee.*

Myriam A. Miranda, *for appellant.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant, Timothy Reynolds ("Reynolds"), appeals his four-year prison sentence. For the reasons that follow, we affirm.

{¶ 2} In 2018, Reynolds was charged with two counts of aggravated robbery, three counts of robbery, and one count of theft, stemming from an

incident during which Reynolds held up a gas station attendant, leading her to believe he had a weapon, and stole $90 and a carton of cigarettes. The aggravated robbery and robbery charges carried one- and three-year firearm specifications. Reynolds entered into plea negotiations with the state of Ohio and agreed to plead guilty to one count of robbery with no specifications. The trial court ordered a presentence investigation report and substance abuse report ("TASC assessment") and continued the matter for sentencing.

{¶ 3} At the sentencing hearing, the court stated that it had read and considered the presentence investigation report and TASC assessment. The parties discussed Reynolds's severe addiction problem, which included heroin, cocaine, marijuana, and alcohol. The TASC assessment recommended a clinically managed, high-intensive residential treatment program. Defense counsel highlighted the fact that Reynolds did not use a weapon to commit the robbery, despite leading the cashier to believe he had something in his pocket. Counsel also informed the trial court that while Reynolds was in county jail, he began the process of resolving his pending municipal court cases. Reynolds expressed remorse for his actions.

{¶ 4} The trial court expressed doubt that Reynolds would benefit from drug treatment since he had been offered treatment in the past but relapsed. The court stated that it was considering "everything it knew" about the case, including the oral record, presentence investigation report, TASC assessment, and relevant sentencing laws and imposed a four-year prison sentence.

{¶ 5} Reynolds filed this appeal, raising one assignment of error for our review:

I. Appellant's sentence is contrary to law and not supported by the record.

{¶ 6} In Reynolds's sole assignment of error, he contends that his sentence is contrary to law and the record does not support his sentence.

{¶ 7} It is well settled that R.C. 2953.08(G)(2) does not permit this court to review a felony sentence for an abuse of discretion. *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 24. Instead, we may disturb a felony sentence only if we clearly and convincingly find that either "the record does not support the sentencing court's findings" under relevant statutes or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 8} If an appellate court finds by clear and convincing evidence that the record does not support the sentencing court's findings pursuant to R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or if the court finds that a sentence is contrary to law, then the appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2)(a)-(b).

{¶ 9} A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes

and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. The record must indicate that the trial court considered all relevant factors required by the sentencing statutes, but the trial court has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 10} Under R.C. 2929.11(A), there are three purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence imposed shall be reasonably calculated to achieve these overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 11} Reynolds's four-year sentence falls within the statutory range for second-degree robbery. *See* R.C. 2911.02(A)(1) and former R.C. 2929.14(A)(2).

Reynolds claims that his sentence is contrary to law because the trial court did not consider the relevant sentencing factors pursuant to R.C. 2929.11 and 2929.12.

{¶ 12} The court's sentencing journal entry in this case reflects that the court "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." The court's statements that it considered the requisite statutory factors, alone, satisfy its obligations under the sentencing statutes. *State v. Clark*, 8th Dist. Cuyahoga No. 107041, 2018-Ohio-4600, ¶ 7, citing *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 23. Moreover, in sentencing Reynolds to four years in prison, the court stated at the sentencing hearing that it was taking "into account the sentencing laws of Chapter 2929 of the Ohio Revised Code." Thus, we cannot say that the sentence was contrary to law.

{¶ 13} Next, we establish whether Reynolds was sentenced under any relevant statutes listed in R.C. 2953.08(G)(2)(a) to determine whether the record supports the sentencing court's findings under that statute. The court sentenced Reynolds to a prison term for a felony of the second degree; therefore, R.C. 2929.13(D) applies to this case and we consider whether the record supports the sentencing court's findings under R.C. 2929.13(D).

{¶ 14} R.C. 2929.13(D) provides, in pertinent part, that there is a presumption in favor of a prison term "in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code" for a felony of the second degree. After a thorough review of the record in this case, we cannot

say that we clearly and convincingly find that the record does not support the sentencing court's findings.

{¶ 15} At the sentencing hearing, the prosecutor spoke for the victim and expressed that while the victim was upset by the robbery, she did not "feel that this defendant should spend an extraordinary amount of time in prison." The prosecutor expressed that the victim supported "the lower end" of the two-to-eight-year sentencing range for a second-degree felony. The prosecutor took the position that a prison sentence was necessary, but that the robbery was "pretty consistent with drug-seeking behavior," and that the state would defer to the court on sentence.

{¶ 16} Defense counsel told the court that Reynolds took it upon himself to address his outstanding court cases by sending notices of availability to three municipal courts. According to counsel, Reynolds was able to resolve one case, had a court date in a second case, and was waiting to hear from the court on the third case. Counsel expressed that Reynolds was addicted to heroin, alcohol, marijuana, and cocaine and needed drug treatment. Counsel stated that Reynolds was interested in using naltrexone to address his heroin addiction and requested that Reynolds be placed on community control sanctions and placed in an intensive residential treatment program.

{¶ 17} Reynolds addressed the court and said that he had hit "rock bottom," was "very remorseful," was "drunk and high" during the commission of

the crime, and needed help to combat his addiction to drugs. Reynolds indicated that he was a hard worker and was ready for treatment.

{¶ 18} In sentencing Reynolds, the court noted that Reynolds had been given previous opportunities to receive drug treatment while on probation but violated his probation by using drugs. The court stated that it did not think that anything had changed, i.e., the court did not believe that Reynolds would go to treatment if sentenced to community control sanctions. The court also expressed that many drug addicts did not commit "armed robbery."[1] The court stated that it was taking into consideration the record, the parties' statements, the presentence investigation and substance abuse reports, and sentencing laws. The court then imposed a sentence of four years in prison with credit for time served.

{¶ 19} A review of the TASC assessment shows that Reynolds was diagnosed with severe opioid and alcohol use disorders, moderate cocaine use disorder, and mild marijuana use disorder. Reynolds had previously overdosed "five or six times," and had received lifesaving treatment with naloxone (commonly known as Narcan) each time. Reynolds was recommended for "clinically managed high intensity residential services." The assessor noted that Reynolds agreed with his diagnoses and treatment recommendations.

{¶ 20} A review of the presentence investigation report shows that Reynolds's lengthy criminal history dates back to 2007 and includes numerous

---

[1]Reynolds pleaded guilty to robbery, R.C. 2911.02(A)(1), which provides that no person shall commit or attempt to commit a theft offense with a deadly weapon on or about his or her person or under his or her control. Again, Reynolds did not possess a weapon during the robbery.

misdemeanor convictions for driving under the influence, theft, consumption in a motor vehicle, assault, disorderly conduct, and endangering children, and multiple felony convictions for obstructing justice and breaking and entering. In 2015, Reynolds was sentenced to 12 months in prison after violating his probation in a prior case and has violated probation in at least four prior cases. Although he received drug treatment as part of his sentence in a prior case, he was discharged from that program for noncompliance.

{¶ 21} We note that prior to his arrest, Reynolds was living at a men's shelter and was without a stable residence. He was also unemployed. Reynolds reported that he began drinking alcohol when he was 12 years old and drank a 12 pack of beer and a bottle of vodka daily, began taking opiate pills at the age of 20 and took as many as available a "couple times per month," and began using heroin when he was 27. He consumed about a gram a day of heroin. The presentence investigation report concluded that Reynolds was at a "high" risk for reoffending.[2]

{¶ 22} We are cognizant that this was a serious crime. The victim in this case thought Reynolds should be sentenced to the "lower end" of the two-to-eight-year sentencing range. The prosecutor thought the crime was "pretty consistent with drug-seeking behavior." In 2018, the General Assembly amended R.C. 2929.11(A) to add a third purpose to felony sentencing, which is "to promote the

[2]Reynolds was arrested on November 25, 2018 and his TASC assessment was completed on March 5, 2019. Although he had been in jail for over three months and presumably not using drugs or alcohol while incarcerated, Reynolds reported in his TASC assessment that he would "pick up" alcohol and drugs again "the same day he was released from incarceration."

effective rehabilitation of the offender." In considering the principles and purposes of sentencing, perhaps they would be better served if Reynolds's drug problem was addressed through a suspended prison sentence and strict community control sanctions that included intensive inpatient drug treatment. It is doubtful that his severe drug problem will be addressed during his term of incarceration. That said, we do not clearly and convincingly find that the record does not support the trial court's findings.

{¶ 23} The sentence imposed in this case is not contrary to law and we do not clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.13(D). Accordingly, the sole assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

RAYMOND C. HEADEN, J., and
MARY EILEEN KILBANE, J., CONCUR